Michael Garth Moore (023742)
6336 N Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Kitaj, et al.<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Tammy Van Handel, et al.<br><br>　　　　　Defendants. | Case No.:  4:22-cv-00463-JCH<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS SEALED EXHIBITS**<br><br>The Honorable John C. Hinderaker<br>United States District Judge |

Defendants have filed, in support of their Motion to Dismiss [Doc. 25], two (2) sealed documents (Doc. 25-1 and 25-2).  For the reasons set forth below, Plaintiffs move the Court for an Order striking the exhibits.

## **MOTION TO STRIKE EXHIBITS**

These exhibits should be stricken. This Court need only look to Judge Jorgensen's decision in *Settlemeyer v. Ditsch,* 2021 U.S. Dist. LEXIS 85443 (D. Ariz. May 4, 2021), a case directly on point, to reach the correct decision. As here, the AZDCS Defendants appended exhibits to their Motion to Dismiss. In holding that the Court would not consider the exhibits, Judge Jorgensen, quoting from *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 999 (9th Cir. 2018) that "[i]f defendants are permitted to present their

own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.,* at \*\*10-11.

Defendants apparently seek to use these exhibits as substantive evidence to controvert the allegation that Mr. and Mrs. Kitaj were biologically related to the child, R.K. In fact, virtually the totality of the arguments spring from that premise. But not only is such evidence not found in the FAC, as to at least one Claim, the retaliation Claim, the dispositive issue is not dependent at all on a biological relationship. That is the fact pleaded. Further, the FAC alleges that the child was placed in the home of Plaintiffs after investigation and with approval of the Department.

This Court should not indulge in considering the exhibits, nor the arguments drawn from them. Indeed, when this Court denies the Motion, and discovery is authorized, Plaintiffs will move for an Order requiring disclosure of the department file so that they can secure complete discovery and the Court can consider a complete record. "It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state or local authorities." *Miller v. Pancucci*, 141 F.R.D. 292, 297 (C.D.Cal.1992) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D.Cal.1987)). The Court should strike the exhibits.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
6336 N Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May 2023, I e-filed the foregoing documents via CM/ECF Filing System with the District Court of Arizona, and e-served copies upon the following:

Claudia Acosta Collings
Claudia.collings@azag.gov
Attorney for Defendants

*/s/ Michael Garth Moore*