**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Kitaj, et al., | No. CV-22-00463-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| Tammy Van Handel, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Exceed Page Limitation for Motion for Summary Judgment and Statement of Facts (Doc. 214), Motion to File Exhibits Under Seal (Doc. 217), and Motion to Allow for Physical Filing of Non-Electronic Exhibits (Doc. 218). Plaintiffs oppose Defendants' Motion to File Exhibits Under Seal (Doc. 220).

The Court will grant Defendants' Motion to Exceed Page Limitation for Motion for Summary Judgment and Statement of Facts (Doc. 214) and Motion to Allow for Physical Filing of Non-Electronic Exhibits (Doc. 218). The Court will grant in part and deny in part Defendants' Motion to File Exhibits Under Seal (Doc. 217).

**I.    Motion to Seal**

Defendants request the Court seal exhibits to their Motion for Summary Judgment because "[t]he exhibits contain information that is protected including the full name of the minor party, full names of non-party minors, addresses, personal phone numbers, medical records, and other sensitive information regarding the minor party and the parties regarding the underlying dependency matter." (Doc. 217 at 2.) Defendants argue that Arizona state

laws, A.R.S. § 41-1959(A) and A.R.S. § 8-208(F), "protect the confidentiality of records in child-protective cases provide compelling reasons to grant a motion to seal in a related case brought in federal court." (*Id.* at 3.)

Plaintiffs oppose Defendants' Motion, arguing that the fundamental rights implicated in this case outweigh any potential reason for sealing the record and that Defendants have not met their burdens under Local Rule of Civil Procedure ("LRCiv") 5.6(b) or applicable federal caselaw. (Doc. 220 at 1–2, 6–7.) Further, Defendants argue certain documents are already in the public domain and are not covered by any state confidentiality provision. (*Id.* at 6.) Finally, Plaintiffs argue that any potential privacy concerns can be adequately addressed by redacting specific information. (Doc. 220 at 6–7.)

    **a.**    **Applicable Law**

There is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). While this right is not absolute, the Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). To overcome this presumption, a party seeking to seal materials attached to a dispositive motion, such as a motion for summary judgment, must meet the "compelling reasons" standard:

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial court.

*Id.* at 1096–98 (cleaned up) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) and *Nixon*, 447 F.3d at 435 U.S. at 599). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 597 & n.7). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). Further, the policy of promoting access to public documents dictates that only that information for which there is a compelling reason to seal should actually be sealed. Likewise, LRCiv 5.6(b) requires "[a]ny motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal." Accordingly, to the extent that a party wishes to seal an entire document, rather than redacting certain secret information from that document, the party must provide compelling reasons to seal all the information in that document. *See Kamakana*, 447 at 1183. Otherwise, the party must only seek to redact that information that there is a compelling reason to seal.

  **b.**  **Analysis**

Defendants have articulated compelling reasons to seal juvenile court documents and DCS records that primarily pertain to others besides Plaintiffs because these documents are protected under Arizona state law. *See Demaree v. Pederson*, 887 F.3d 870, 885 (9th Cir. 2018) (finding district court properly sealed documents in compliance with Arizona state law). "Although state laws keeping child-protective case records and proceedings private do not govern civil rights cases in federal court, permitting parties 'to import confidential documents into federal court and thereby make them public would seriously undermine the state's policy.'" *Ingram v. Mouser*, No. 1:19-CV-00308-DCN, 2023 WL 5017011, at *2 (D. Idaho Aug. 7, 2023) (quoting *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 405 (D. Me. 2001)). "Accordingly, such state laws provide compelling reasons to

grant a motion to seal in a related case brought in federal court." *Id.* (citing *T.T. v. Cnty. of San Diego*, 2020 WL 6118781, at *1 (S.D. Cal. Oct. 16, 2020)) *see Crockford v. Clark Cnty. Dep't of Fam. Servs.*, No. 2:25-CV-00917-JAD-MDC, 2025 WL 3251427, at *5 (D. Nev. Nov. 21, 2025) (State law "requirements can provide compelling reasons to consider whether certain documents should be sealed.").

First, Arizona law protects dependency proceeding records: "Except as otherwise provided by law, the records of . . . dependency proceeding[s] shall not be open to public inspection." A.R.S. § 8-208(F). Exhibits 5, 8, 14, 16, 35, 36, 43, 46–53, and 63 are dependency proceeding records. These exhibits pertain to a minor, with some including the name of the minor, his age, identifying information about his mother, and/or identifying information about his maternal grandmother. Given Arizona state law, that other district courts have lodged under seal the very type of documents at issue here, and the confidential nature of the records, the Court finds compelling reason to seal these exhibits. *See, e.g.*, *Olivares v. Cnty. of Stanislaus*, No. 2:22-CV-00753-DC-CSK, 2025 WL 3130873, at *2 (E.D. Cal. Nov. 7, 2025) ("Courts have found that maintaining the confidentiality of juvenile court records . . . [is a ] compelling reason[] to file such documents under seal."); *Meyer v. Cnty. of San Diego*, No. 3:21-CV-00341-LL-BLM, 2022 WL 395967, at *8 (S.D. Cal. Feb. 8, 2022) (sealing juvenile court records).

Second, Arizona law provides that DCS records are confidential: "Department records and files that contain information related to investigations conducted by child protective services or the department of child safety are confidential. The department shall release this information only as prescribed by [A.R.S.] § 8-807." A.R.S. § 41-1959(A). As pertinent here, § 8-807 provides access to DCS information to a court or a person who is the subject of the DCS information. "A person may authorize the release of DCS information about the person but may not waive the confidentiality of DCS information concerning any other person." § 8-807(Q). Otherwise, those who receive "DCS information shall maintain the confidentiality of the information and shall not further disclose the information unless the disclosure is authorized by law or a court order."

§ 8-807(U). Thus, there is compelling reason to seal DCS records where redactions are insufficient to protect the confidentiality of DCS information concerning persons other than Plaintiffs.

Exhibits 2, 3, 4, 25, 29, 30, and 57 are DCS records pertaining primarily to minors and other persons subject to DCS investigations. The documents are riddled with identifying information about the minor, his mother, and/or his maternal grandmother and redactions would not suffice to protect the identity of these individuals or the privacy of the minor. The Court finds compelling reasons to seal these documents to comply with Arizona state law, Fed. R. Civ. P. 5.2(a), and L.R.Civ. 5.6, which are not outweighed by the public's interest in free access to information related to the judicial process. *See, e.g.*, *Miles v. City of Hartford*, No. 3:08 CV 307 (MRK), 2009 WL 10717573, at *1 (D. Conn. June 17, 2009) (finding compelling reasons to seal DCS records that were confidential under Connecticut state law); *Fratello v. Wilde*, No. 2:25-CV-01606-APG-EJY, 2025 WL 3707565, at *6 (D. Nev. Dec. 19, 2025) (same under Nevada state law).

Defendants also seek to seal Exhibits 11, 13, 15, 17–19, 22–24, 32, 37, 39, 42, 45, 56, and 62. These documents pertain primarily to Plaintiffs, who have waived their confidentiality. *See* § 8-807(Q) (*see generally* Doc. 220). The Court does not find compelling reason to seal these documents. However, the Court will order redactions of identifying information of other persons subject to DCS investigations to abide by Arizona law and Fed. R. Civ. P. 5.2(a) and L.R.Civ. 5.6, including names of minors, the mother, and relatives, or other identifying information such as phone numbers or addresses.

## IV. Order

**IT IS ORDERED:**

**(1) Granting** Defendants' Motion to Exceed Page Limitation for Motion for Summary Judgment and Statement of Facts (Doc. 214) and Motion to Allow for Physical Filing of Non-Electronic Exhibits (Doc. 218).

**(2)** Defendants' Motion for Summary Judgment (Doc. 215) and Statement of Facts (Doc. 216) are accepted as filed.

**(3)** Defendants Tammy Van Handel and Kimberly Hartwell have leave of the Court to file a physical copy of video recordings in this case and shall deliver a copy of the videos on a flash drive to the Clerk of the Court.

**(4) Granting in part and denying in part** Defendants' Motion to File Exhibits Under Seal (Doc. 217).

**(5)** Exhibits 2–5, 8, 14, 16, 25, 29, 30, 35, 36, 43, 46–53, 57, and 63 to Defendants' Motion for Summary Judgment shall be filed separately from the Motion and **SEALED** pursuant to L.R.Civ. 5.6.

**(6)** The Parties must confer and refile stipulated redacted copies, as instructed herein, of Exhibits 11, 13, 15, 17–19, 22–24, 32, 37, 39, 42, 45, 56, and 62 within 20 days of the date this Order is filed.

Dated this 6th day of January, 2026.

_____<br>
John C. Hinderaker<br>
United States District Judge